PER CURIAM:
*142 On December 3, 1981, claimant bought a parcel of delinquent and forfeited land in Clay, West Virginia, for $2,050.00. This property belongs to another party, and claimant seeks $2,050.00.
Claimant testified that this was the first time he has made a purchase at a tax sale or a sale of delinquent and forfeited land. He did not go to the sale for the purpose of purchasing the particular plot. After he was supplied a map of the property which he purchased, he discovered that this property belonged to another party. The Order confirming the sale of the property was entered on December 8, 1981. It is recorded in Clay County in Deed Book 131 at page 159.
West Virginia Code §llA-4-25 states the following:
"Whenever, after sale and before confirmation thereof, it is discovered that the land sold was nonexistent, or that it had been the subject of a duplicate or improper assessment, or was transferred to others under the provisions of section 3, article XIII of the Constitution, the purchase shall be entitled to a return of the purchase money. Upon request of a purchaser so entitled, it shall be the duty of the deputy commissioner to apply to the circuit court for an order directing the sheriff to return the purchase money. If satisfied that the application is proper, the court shall enter the order applied for, but no costs shall be taxed in connection with such an application. If the ground for entering the order was that the land was nonexistent or the subject of a duplicate assessment, the order shall also direct the assessor to drop the erroneous entry of such lands from the land books." (1947, c. 160.).
The aforementioned statute clearly provides a legal remedy. For those reasons as mandated by West Virginia Code §14-2-14(5), the Court lacks jurisdiction of this claim. Therefore, the Court is of the opinion to, and does, deny the claim.
Claim disallowed.